O’Neill, J.
The sole question in this case is ivhether the trustee should be permitted to deviate from this restrictive investment provision and be allowed to invest the trust funds in accordance with the provisions of Sections 2109.37 and 2109.371, Revised Code.
The evidence in the case consists of testimony by two expert witnesses.
The trustee concedes that a deviation from investment provisions will not be authorized merely to increase the “take” of an income beneficiary and makes it clear that this case has nothing to do with “income” as such. No claim is made that any particular investment would produce more or less income.
The trustee grounds its case upon the allegations that the dominant direction of the testator in creating the trust fund is that the corpus of the trust fund be used to build a hospital building; that inflationary factors and changing economic conditions have decreased the purchasing power value of the dollar by 50% in the last 20 years; that abiding by the restrictive investment provisions established by the testator has decreased the dollar value of the trust by 50% ; and that this trend is likely to continue in the future. Therefore, the carrying out of the direction to build the hospital building is being impaired by the restrictive investment provisions of the testator.
The trustee relies principally upon the case of In re Mayo (1960), 259 Minn., 91, 105 N. W. (2d), 900.
The Attorney General relies upon the case of Union Savings Bank & Trust Co. v. Alter, 103 Ohio St., 188, 132 N. E., 834.
*127 In the Mayo case, the court based its decision upon a finding that “the dominant intention of the donor was to preserve the value of the corpus of the trust.”
The court held that the evidence in the case established a “continuing, unforeseeable inflation which would further diminish value of trust assets,” and from that finding reasoned that “the donor during his lifetime could not have foreseen the claimed exceptional circumstances or emergencies relied upon for deviation.”
Paragraph two of the syllabus of the Alter case states:
“The controlling object in the construction of a will is the ascertainment and declaration of the intention of the testator; and the changed value of money and property, the changed circumstances and needs of the beneficiary, do not justify a court in modifying the provisions of a will to meet the changed circumstances and conditions. The theory that the testator, had he foreseen the changed circumstances and conditions, would have provided a different and larger income is an assumption merely and is no excuse for the usurpation by the court of the right to dispose of testator’s property in a way different from that by him directed.”
It is significant in this case that the testator, in establishing this trust, provided for no specified amounts of income to be distributed to the beneficiaries and no specified amount of the corpus of the trust to be distributed to The Toledo Hospital for a building. The case of the trustee would be stronger had there been a specified amount of the corpus provided for the hospital building by the testator. For this court to direct a deviation from the investment provisions established for this trust, the court must conclude that the testator could not have, foreseen the inflation and changed economic conditions of the period from 1940 to 1960, and that, if he could have foreseen the conditions of this period, he would have changed the investment provisions of his will as they relate to the trust.
The court in the Mayo case reached these two conclusions by first concluding that the dominant intention of the testator was to preserve the corpus of the trust. It is difficult for this court to reach that conclusion when there are no specific amounts provided for the beneficiaries under this trust and there is a *128 specific and clear restriction stated with regard to investments.
Conceding for a moment that the conrt could reach this conclusion as to the dominant intention of the testator, it appears to this court that for it to conclude therefrom that the testator did not foresee future inflation, and, had he foreseen the inflation of the period from 1940 to 1960, he would have changed his provisions with regard to investments is mere assumption, and that it is even more speculative to conclude that the prospects of future inflation make it necessary for the court to allow deviation from the strict investment provisions of the testator’s will.
This court is cognizant of the fact that the testator lived through the period of World War I and the inflation which followed ; that he drew his will in 1927 and his codicil in 1929 during a period of inflation and high stock values; and that those investment provisions proved wise for the decade subsequent to his death and there is no assurance that they will not be equally wise for the future, or that he would have changed them could he have foreseen present-day conditions.
Considering the provisions of the testator’s will establishing the trust, this court is constrained to follow the rule of the Alter case rather than the assumptions and speculation. which led to the holding in the Mayo case.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Taet, Matthias, Kerns and Griffith, JJ., concur.
Kerns, J., of the Second Appellate District, sitting by designation in the place and stead of Herbert, J.